IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REBECCA A. ISON,                          :

      Plaintiff,                        :

                                          Case No. 3:06cv277

      vs.                               :

                         JUDGE WALTER HERBERT RICE

GADE NURSING HOME, INC.,                  :
VEBA TRUST SEVERANCE PAY                  :
PLAN, et al.,                             :

      Defendants.                       :


DECISION AND ENTRY SUSTAINING PLAINTIFF'S UNOPPOSED
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. #6);
DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION FOR
LEAVE TO FILE MOTION IN EXCESS OF PAGE LIMITATIONS
(DOC. #16); DECISION AND ENTRY SUSTAINING IN PART AND
OVERRULING IN PART PLAINTIFF'S MOTION TO STRIKE
DOCUMENTS FROM AND TO ADD DOCUMENTS TO THE
ADMINISTRATIVE RECORD (DOC. #17); DECISION AND ENTRY
OVERRULING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION IN THE
ALTERNATIVE TO CONDUCT DISCOVERY (DOC. #18); DECISION
AND ENTRY OVERRULING, AS MOOT, DEFENDANTS' MOTION TO
STRIKE THE AFFIDAVIT OF LaJEAN WILLIAMS (DOC. #26)


The Plaintiff initiated this litigation in the Common Pleas Court for Darke County, Ohio, seeking to recover severance pay from Defendant Gade Nursing Home, Inc., VEBA Trust Severance Plan ("VEBA Trust). See Plaintiff's Complaint (Doc. #2)  The Defendants removed this lawsuit to the Court on the basis that the

VEBA Trust is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. See Doc. #1.  This litigation is now before the Court on the Plaintiff's unopposed Motion for Leave to File an Amended Complaint (Doc. #6), and the parties' dispute over the content of the Administrative Record, which is manifested by Plaintiff's Motion to Strike Documents from and to Add Documents to the Administrative Record (Doc. #17), her Motion in the Alternative to Conduct Discovery (Doc. #18) and Defendants' Motion to Strike the Affidavit of LaJean Williams (Doc. #26).[1]  As a means of analysis, the Court will rule upon the Plaintiff's request for leave to amend, before turning to the parties' dispute concerning the content of the Administrative Record.

I.  Plaintiff's Unopposed Motion for Leave to File an Amended Complaint (Doc. #6)

It is axiomatic that leave to amend is to be "freely given when justice so requires."  Fed. R. Civ. P. 15(a).  In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court indicated that a District Court should deny leave to amend only in instances where the amendment would be futile, the moving party has acted in bad faith or has repeatedly failed to cure the deficiencies by previous amendments, the opposing party would be subjected to unfair prejudice or the moving party has unduly delayed.  See also, Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994).

Herein, Plaintiff seeks leave to file an amended complaint in order to specify that her claim for benefits against the VEBA Trust arises under § 502(a) of ERISA,

---

[1]Defendants' Motion for Leave to File Motion in Excess of Page Limitations (Doc. #16) is also pending.  The Court sustains that motion.  Although such a motion is attached to the Defendants' request to file motion in excess of page limitations, the Defendants should not file that motion until after it has resolved to parties' dispute concerning the content of the Administrative Record.

29 U.S.C. § 1132(a), and in order to set forth a claim of retaliatory denial of benefits and interference with collection of benefits, in violation of § 510 of ERISA, 29 U.S.C. § 1140. Since the Defendants have not filed a memorandum in opposition to Plaintiff's request for leave to amend, the Court cannot conclude that any of the reasons for denying such a request, identified by the Supreme Court in Foman, supra, exists herein. Indeed, such an argument would have been rejected, given that Plaintiff sought leave to amend one month after the Defendants had removed this litigation and five days after they had filed their Answer (Doc. #5).

Accordingly, the Court sustains Plaintiff's unopposed Motion for Leave to File an Amended Complaint (Doc. #6). Such an amended pleading must be filed and served within 10 days from date.

II. Parties' Dispute Concerning the Content of the Administrative Record

With her Motion to Strike Documents from and to Add Documents to the Administrative Record (Doc. #17), Plaintiff requests that the Court delete the following four categories of documents from the Administrative Record:

> A. The documents added after the final decision made upon Ms. Ison's claim below which decision was dated June 20, 2006 (document 9, p. 1), specifically Mr. Folkerth's [Defendants' counsel] letter and the purported amendment to the plan and summary of the plan purportedly adopted after Ms. Ison was terminated and not added to the administrative record until after suit was filed herein. (document 15 pp. 1-26).
> B. Those documents unilaterally added to the "administrative record" by Defendants after Ms. Ison's meeting with the "Severance Pay Committee" on May 24, 2006 and which were not disclosed until after the final decision was made on June 20, 2006, specifically statements from Gade management personnel Martha Gade and Judy Wollenhaupt which certainly could have been obtained and disclosed before the meeting (document 14, p. 17 and 20).

- 3 -

> C. Those documents in the administrative record but not disclosed (document 14, pp 23,24) to Ms. Ison until the day before the meeting on May 24, 2006, and from whom we were unable to obtain statements either during the meeting (Tim Gade was present but would not discuss Ms. Ison's claim, documents in the claims file or otherwise disclose any information about her claim or the reasons he fired Ms. Ison) or after the meeting and before the final determination was made, specifically Tim Gade (document 12, p. 26), Judy Wollenhaupt (document 9, p. 26; document 10, pp 1-11) Margaret Mote (document 9, p. 13) Charlotte McAdams (document 12, p. 25).
> D. Those documents in the administrative file that have no relevance to Ms. Ison's claim specifically Attorney Danadio's letter to Tim Gade advising him what to do regarding Ms. Ison's claim[,] which advice Mr. Gade did not take (document 13, pp. 15,16) and Mr. Folkerth's letter with proposed language reflecting what happened at the May 24th meeting (document 9, pp. 4-8) which proposal was rejected by us (document 14, pp. 8-14).

Doc. #17 at 1-2. In addition, the Plaintiff requests that the Court add the following three categories of documents from the Administrative Record:

> A. The Summary of the Plan effective on October 11, 2005, the date Ms. Ison was fired and which is applicable to her claim herein- attached to the Complaint as exhibit "A."
> B. The plan document for the ERISA severance pay plan in effect on October 11, 2005, the date Ms. Ison was fired and which is the plan that is applicable to her claim filed herein- attached to the Complaint as exhibit "B."
> C. The letter from attorney Folkerth dated July 10, 2006 providing us for the first time the documents added after the meeting on May 24, 2006 and before the final decision dated June 20, 2006 (letter attached as Motion Ex. "A").

Doc. #17 at 2.

It bears emphasis that a court must conduct its review of the decision of the administrator of an ERISA plan, "based solely upon the administrative record," except when the evidence "is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on his part." Cooper v. Life Ins. Co. of N. America,

486 F.3d 157, 171 (6th Cir. 2007) (internal quotation marks and citation omitted). See also, Perry v. Simplicity Engineering, 900 F.2d 963, 966 (6th Cir. 1990).

For reasons which follow, this Court will not strike any documents from the administrative record. For instance, Plaintiff states that the summary plan description and amendments to the plan which comprise a portion of the Administrative Record was not adopted until after her claim was denied. If that assertion is correct, the remedy is to argue that the decision to deny her claim was arbitrary and capricious (assuming for present purposes that said standard of review applies), given that the version of a plan that was not in existence was applied to her request for benefits, rather than striking same from the Administrative Record. Similarly, Plaintiff can argue that the denial of benefits was arbitrary and capricious, given that it was based upon documents she was not shown before that decision or was given a limited opportunity to review. Accordingly, the Court overrules Plaintiff's Motion to Strike Documents from and to Add Documents to the Administrative Record (Doc. #17), as it relates to the four categories of Documents she seeks to strike to that record.

The Defendants have indicated that they agree with Plaintiff that the documents she seeks to add are properly part of the Administrative Record. See Doc. #23 at 4. Accordingly, the Court sustains Plaintiff's Motion to Strike Documents from and to Add Documents to the Administrative Record (Doc. #17), as it relates to the three categories of Documents she seeks to add to that record. Although Plaintiff has identified locations where those documents can be found, the Court would nevertheless request that Defendants' counsel file those

documents as an additional volume of the Administrative Record, thus making citation to same more uniform.

In addition, the Court will overrule, without prejudice to renewal, Plaintiff's Motion in the Alternative to Conduct Discovery (Doc. #18). In that motion, Plaintiff states that she needs to conduct discovery, because there is a genuine question as to whether some of the documents she seek to have the Court strike from the Administrative Record have been fabricated (i.e., they doubt the authenticity of some unspecified documents and believe other unspecified documents may not have been signed on the date indicted).[2] See Doc. #18 at 2. As is indicated above, the Sixth Circuit has held that an administrative record can be supplemented with evidence to establish that the administrator was biased. Cooper, 486 F.3d at 171. One could certainly argue that bias is shown when an administrator bases its decision on documents which it has fabricated.

In order to resolve the question of whether Plaintiff will be permitted to conduct discovery, the Court establishes the following procedures. First, Plaintiff's counsel must provide his counterpart with a list of documents which he contends are not authentic and the discovery he seeks as a result. Second, counsel must

---

[2] Plaintiff also indicates that they believe some statements in the documents had no basis in fact. See Doc. #18 at 2. This Court will not permit discovery in a lawsuit, challenging the denial of benefits under a plan governed by ERISA, in order to probe the accuracy of the statements made in documents within the Administrative Record. Such a lawsuit is to decided on such a record. If this Court were to grant Plaintiff's request in that regard, it would be required to expand the record herein, in order to permit the parties to submit evidence substantiating or casting doubt on every statement in any document containing a factual assertion. For instance, in cases in which the plaintiff's disability is at issue, this Court would have to permit the parties to depose all of the medical professionals whose reports are in the record.

thereafter meet, in order to attempt to resolve this dispute. Plaintiff's counsel must share with Defendants' counsel evidence in his possession substantiating his assertion of fabrication, and the latter should share evidence establishing authenticity. <u>Third</u>, if counsel are not able to resolve the matter, the Plaintiff may then renew his motion. Such a renewed motion must identify the particular documents claimed to lack authenticity or to have been signed on a date other than that indicated thereon, and, with particularity, the discovery sought as a result. In addition, Plaintiff must support her motion, if it is renewed, with evidence in the form of affidavits or declarations substantiating the claims of fabrication.[3] Defendants may submit contrary evidence with their opposition. Such a renewed motion must be filed within 30 days of date, if it is to be filed.

Finally, given that the Court has been able to resolve the other motions currently pending herein, without reference to the affidavit of LaJean Williams, the Court overrules, as moot, Defendants' Motion to Strike the Affidavit of LaJean Williams (Doc. #26).

The Court will establish a new briefing schedule and a conference call to select a trial date and other dates, leading to the resolution of the Plaintiff's claim under § 510 of ERISA, a claim which will be added by Plaintiff's amended

---

[3] A motion supported by nothing more than belief, understanding or speculation will be denied out of hand.

- 8 -

complaint, after the dispute over Plaintiff's desire to conduct discovery has been resolved.

September 27, 2007

                                        /s/ Walter Herbert Rice
                                        WALTER HERBERT RICE, JUDGE
                                        UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.