IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REBECCA A. ISON,               :

     Plaintiff,              :
                                   Case No. 3:06cv277

        vs.                 :

                                   JUDGE WALTER HERBERT RICE

GADE NURSING HOME, INC., *et al.*,   :

     Defendants.              :

DECISION OVERRULING PARTIES' JOINT MOTION TO VACATE
(DOC. #55) AND OVERRULING, IN PART, AND SUSTAINING, IN
PART, DEFENDANTS' MOTION FOR STAY, BOND, DEPOSIT AND
TIME TO LIQUIDATE PLAN ASSETS (DOC. #51); ORDER FOR
DEFENDANTS TO DEPOSIT SUM OF $74,175, WITH CLERK OF
COURTS, WITHIN 30 DAYS OF INSTANT DATE

     This litigation arose under the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  Plaintiff Rebecca A. Ison was formerly

an employee of Defendant Gade Nursing Home, Inc. ("Gade").  Ison alleged that,

after terminating her, Gade and Defendants Martha E. Gade and Tim Gade

wrongfully denied her the severance pay to which she was entitled under

Defendant Gade Nursing Home, Inc., VEBA Trust Severance Pay Plan (the "Plan").

Doc. #34 (Am. Compl.). She sought to recover $57,058 in severance pay benefits, along with attorney fees, interest and costs.

In an Opinion containing findings of fact and conclusion of law, this Court concluded that the Defendants acted arbitrarily and capriciously when they denied the Plaintiff's claim for severance pay benefits. Doc. #48. Accordingly, the Court directed the Defendants to award the Plaintiff such benefits in the amount of $57,058. Id. Judgment was entered in favor of the Plaintiff and against the Defendants, on August 24, 2009. Doc. #49. In addition, the Court ordered the Defendants to pay Plaintiff prejudgment interest from the day following the initial denial of her claim for such benefits (December 30, 2005)[1] to the date of judgment (August 24, 2009), and postjudgment interest from the date of the judgment (August 24, 2009) to the date said benefits are eventually paid by the Defendants and received by the Plaintiff. Prejudgment interest is to be computed at the prevailing rate and postjudgment interest computed at the statutory rate.

The Court further determined that the matter of attorney fees would be dealt with on a postjudgment basis. The Court ordered Plaintiff's counsel to submit an itemized statement of fees and costs, setting forth the date and nature of the particular service rendered, the time expended in doing so, and counsel's hourly

---

[1]The Defendants informed the Plaintiff of the denial of her claim, by letter dated December 29, 2005. Doc. #14 at 22 (Bates #8354). Thus, the starting date for the payment of pre-judgment interest is the following date, December 30, 2005.

2

rate, including therein any fees and costs related to the appeal, not later than 30 days after the Appellate Court's ruling (should the Defendants appeal, as they did,[2] and should this Court be affirmed), with opposing counsel having 20 days in which to respond to the submission of Plaintiff's counsel.  Any attorney fees granted are to bear interest from the date of judgment therein.  The case is presently on appeal.

Presently before the Court are two Motions.  The Defendants have filed a Motion for Stay, Bond,[3] Deposit and Time to Liquidate Plan Assets (Doc. #51) and the parties have filed a Joint Motion to Vacate (Doc. #55).  The Court will begin with a consideration of the Motion to Vacate and then address the Motion for Stay, Bond, Deposit and Time to Liquidate Plan Assets.

I.    Motion to Vacate

The parties have jointly moved, pursuant to Federal Rules of Civil Procedure 60(b) and 62.1, to vacate the Court's judgment, which was entered in favor of the Plaintiff.  Doc. #55.  The parties make this Motion as a result of settlement discussions that have transpired while the case is on appeal.  One of the terms of

_____

[2]Defendants' Notice of Appeal is filed at Document #50.

[3]The Motion is incorrectly named, in that the Defendants are not requesting to post bond, but rather are requesting that they be permitted to make a deposit with the Clerk of Courts, in lieu of bond, "[a]s there is no provision in the Plan directly permitting the Plan Administrator to collateralize [P]lan assets to secure a supersedeas bond." Doc. #51 at 2.

3

the proposed settlement agreement conditions the settlement on this Court

vacating its judgment and dismissing the underlying action, should the Appellate

Court remand the case. Id.

    Among other things, Rule 62.1 pertains to a trial court's authority to grant

relief when an appeal has been filed. The Rule provides that if a court lacks

authority to grant a motion for relief, because of an appeal that has been docketed

and is pending, the court may (among other things) "state . . . that it would grant

the motion if the court of appeals remands for that purpose". Fed. R. Civ. Proc

62.1(a)(3).

    Rule 60, on the other hand, pertains to relief from final judgment and

provides that a court may relieve a party from a judgment for the following

reasons:

> (1)   mistake, inadvertence, surprise, or excusable neglect;

> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4)   the judgment is void;

> (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)   any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b).  The parties to this litigation have not specified under

which part of Rule 60 they are proceeding.  Given that the Sixth Circuit has

analyzed settlement related motions to vacate under subparagraph (6) and that the

parties have not specified that any other part of that Rule is applicable to their

situation, the Court will proceed with analyzing the parties' Motion under part

(b)(6).[4]  See Hill v. Taylor, 1994 U.S. App. LEXIS 36802 (6th Cir. Dec. 22, 1994);

---

[4]The only other part of Rule 60(b) that is arguably applicable here is that part
of (b)(5) that provides that a court may relieve a party from a judgment if "applying
[the judgment] prospectively is no longer equitable." Fed. R. Civ. Proc. 60(b)(5).
On this point, this Court adopts the sound reasoning of Judge Feikens, in a
strikingly similar case, Papenfus v. Flagstar Bankcorp, Inc., 2008 U.S. Dist. LEXIS
8060 (E.D. Mich. Jan. 22, 2008).
      In Papenfus, Judge Feikens discussed the propriety of vacating a judgment
under Rule 60(b)(5), as a result of later settlement negotiations.  In determining
whether the subject clause was a grounds for the vacatur, the Judge noted that
the clause only applies to "prospective" judgments, and relied on Sixth Circuit case
law with regard to such judgments, as follows:

> The Sixth Circuit has clarified that "the mere possibility that a
> judgment has some future effect does not mean that it is prospective
> because virtually every court order causes at least some
> reverberations into the future, and has some prospective effect."
> "The essential inquiry into the prospective nature of a judgment
> revolves around whether it is executory or involves the supervision of
> changing conduct or conditions."  Under this inquiry, consent decrees,
> permanent and temporary injunctions, and some declaratory
> judgments are "prospective" and, therefore, susceptible to a Rule
> 60(b)(5) challenge.  "Money judgments, however, do not generally
> have prospective application because they are final in the sense of
> involving a set monetary outlay."

Papenfus, 2008 U.S. Dist. LEXIS 8060 at **3-4 (quoting and citing Kalamazoo
River Study Group v. Rockwell Int'l Corp., 355 F.3d 574, 587 (6th Cir. 2004))

Derrick v. Cisneros, 1994 U.S. App. LEXIS 36048 (6th Cir. Dec. 16, 1994).

Both the United States Supreme Court and the Sixth Circuit have indicated that courts should vacate judgments under Rule 60(b)(6) only in "extraordinary circumstances". Agostini v. Felton, 521 U.S. 203, 239, 117 S. Ct. 1997, 138 L. Ed. 2d 391 (1997); Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001). In order for subparagraph (b)(6) to apply, there must be "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). The Sixth Circuit has further held that, "[r]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468-469 (6th Cir. Mich. 2007) (quoting Blue Diamond Coal Co., 249 F.3d at 524 ) (internal quotation marks omitted). Also, parties may not use a Rule 60(b) motion "as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. Ohio 1989) (citation omitted). Finally, a trial court has "especially broad" discretion when it comes to ruling on Rule 60(b) motions. Id. (citing Overbee v. Van Waters &

---

(emphasis added). Because the Judge had previously ordered the defendants to pay the plaintiff's claim for monetary benefits in full, he determined that the judgement was not "prospective" in nature and, thus, could not be vacated under Rule 60(b)(5). Id. at *4.

Similarly, this Court ordered the Defendants to pay the Plaintiff's severance benefits in full. Thus, the judgment is not executory, nor does it involve the supervision of changing conduct or conditions. In other words, it is not "prospective" in nature. Therefore, vacatur under Rule 60(b)(5) is inappropriate.

6

Rogers, 765 F.2d 578, 580 (6th Cir. 1985); Matter of Emergency Beacon Corp.,

666 F.2d 754, 760 (2d Cir. 1981)).

      The Supreme Court had occasion to rule on a question similar to the one

presented in the present case, in deciding whether appellate courts in the federal

system should vacate civil judgments of subordinate courts, in cases that are

settled after appeal is filed or certiorari sought.  In United States Bancorp Mortgage

Company v. Bonner Mall Partnership, 513 U.S. 18, 23, 115 S. Ct. 386, 130 L. Ed.

2d 233 (1994), the Court addressed the question of "whether courts should vacate

where mootness results from a settlement."  In concluding that they should not,

the Court reasoned that when a losing party voluntarily forfeits the legal remedy

provided as a result of the appeal process, by entering into a settlement, he

"surrender[s] his claim to the equitable remedy of vacatur", unless exceptional

circumstances exist. Id. at 25, 29.

      In so doing, the Court focused on the role of public interest, looking at the

value of legal precedents and the orderly operation of the federal judicial system, to

wit:

> "Judicial precedents are presumptively correct and valuable to the
> legal community as a whole.  They are not merely the property of
> private litigants and should stand unless a court concludes that the
> public interest would be served by a vacatur."  Congress has
> prescribed a primary route, by appeal as of right and certiorari,
> through which parties may seek relief from the legal consequences of
> judicial judgments.  To allow a party who steps off the statutory path
> to employ the secondary remedy of vacatur as a refined form of
> collateral attack on the judgment would -- quite apart from any

7

considerations of fairness to the parties -- disturb the orderly operation
of the federal judicial system.

Id. at 26-27 (quoting Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.,

510 U.S. 27, 40, 126 L. Ed. 2d 396, 114 S. Ct. 425 (1993) (Stevens, J.,

dissenting)).

The Court also addressed the issue of whether allowing vacaturs would

facilitate settlement. In so doing, the Court opined that while the availability of

vacatur after judgment may encourage settlement at that stage of the litigation, it

may also deter settlement at an earlier stage.

> Some litigants, at least, may think it worthwhile to roll the dice rather
> than settle in the district court, or in the court of appeals, if, but only
> if, an unfavorable outcome can be washed away by a
> settlement-related vacatur. And the judicial economies achieved by
> settlement at the district-court level are ordinarily much more
> extensive than those achieved by settlement on appeal.

Id. at 28. Ultimately, the Court concluded that appellate courts should vacate

judgments as a result of settlement during appeal, only in the event that

"exceptional circumstances . . . counsel in favor of such a course." Id. at 29.

While the Supreme Court's decision in Bonner Mall Partnership specifically

relates to appellate courts vacating judgments of subordinate courts, in cases that

are settled after appeal is filed or certiorari sought, the Court sees no reason why

its reasoning should not apply with equal force to the question of whether trial

courts should similarly vacate their own judgments, in cases that the parties settle

8

after appeal is filed. See Papenfus v. Flagstar Bankcorp, Inc., 2008 U.S. Dist. LEXIS 8060, **5-8 (E.D. Mich. Jan. 22, 2008) (applying Bonner Mall Partnership reasoning to question of whether trial court should vacate its own decision, due to settlement after appeal).

In the present case, the parties have pointed to no exceptional circumstances that would indicate that this Court should vacate its prior judgment, in these proceedings. Based on the equitable concepts related to the value of legal precedents, the orderly operation of the federal judicial system, and the encouragement of settlements at the earliest stages of litigation, as expressed by the Supreme Court in Bonner Mall Partnership, the Court OVERRULES the parties' joint Motion to Vacate (Doc. #55).


II.    Motion for Stay, Bond, Deposit and Time to Liquidate Plan Assets

The Defendants have also filed a Motion for Stay, Bond, Deposit and Time to Liquidate Plan Assets, in which they ask three things of the Court, to wit: (1) for a stay of the judgment pending appeal of this action; (2) that the Defendants be permitted to make a deposit with the Clerk of Courts, in lieu of bond, in the amount of $25,049.80 (claiming that this is the "maximum benefit payable to Ms. Ison under the Plan") plus 5% interest; and (3) that the Plan be granted 30 days after the Court approves the request to make a deposit, so as to have time to liquidate Plan assets. Docs. #51, #53. The Plaintiff does not object to the request for a

9

stay, to the request that the Defendants be allowed to deposit funds with the Clerk

of Courts or to the request for 30 days for them to make the deposit with the

Clerk. Doc. #52. The Plaintiff does object, however, to the amount of the

proposed deposit ($25,049.80, plus 5% interest), claiming that the proper amount

should be $134,284, which includes the following:

| | |
|---|---|
| Judgment amount | $ 57,058 |
| Prejudgment interest | $ 23,674 |
| Postjudgment interest | $ 3,552 |
| Attorney fees | $ 50,000 |
| | $134,284 |

Id. at 1-2.[5] Given the Plaintiff's concurrence with the requests for the stay and

that the Defendants be allowed to deposit funds with the Clerk of Courts within 30

days after the Court rules herein, in lieu of bond, and the Court's finding that these

requests are just, the Court SUSTAINS the Defendants' Motion for Stay, Bond,

Deposit and Time to Liquidate Plan Assets (Doc. #51), as to these issues. Thus,

the only question remaining for the Court's consideration is the proper amount of

the deposit.

---

[5]Although not in the form of a Motion, the Plaintiff also requests that the
Court "enjoin[] each of the Defendants from transferring any assets until such
deposit is made and further orders each of said Defendants to reverse any transfers
of assets since the judgment entry was filed herein on August 24, 2009[,] through
the day the [C]ourt sets the amount of said deposit." Doc. #52 at 3. Given that
the Plaintiff has neither filed a proper Motion with the Court nor has provided a
legal or factual basis for this request, the Court will not consider the same when
ruling herein.

As noted above, the Court previously entered judgment in favor of the Plaintiff in the amount of $57,058, ordered the Defendants to pay the Plaintiff prejudgment and postjudgment interest, and determined that the matter of attorney fees would be dealt with on a postjudgment basis. Doc. #48. Although not styled as such, in asserting that the deposit should be in the base amount of $25,049.80 (claiming that this is the "maximum benefit payable to Ms. Ison under the Plan"), the Defendants have, in effect, included within the present Motion one seeking reconsideration of the Court's previous holding. As the Sixth Circuit has held, a motion that asks a court to reconsider a previous holding is properly treated, under Federal Rule of Civil Procedure 59, as a motion to alter or amend a judgment. Smith v. Hudson, 600 F.2d 60, 62-63 (6th Cir. 1979) (citations omitted). Rule 59 states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. Proc. 59(e). Given that the present Motion was not filed within 28 days after the entry of judgment,[6] the Defendants' attempt to seek reconsideration of the Court's previous holding, which awarded the Plaintiff severance pay in the amount of $57,058, is not well taken. Thus, the Court OVERRULES the Defendants' Motion for Stay, Bond, Deposit and Time to Liquidate Plan Assets (Doc. #51), as to the Defendants' request to deposit the base sum of $25,049.80, with the Clerk of Courts.

---

[6]The Clerk of Courts filed the judgment entry on August 24, 2009. Doc. #49. The Defendants filed the present Motion on October 6, 2009. Doc. #51.

The Court now turns to the question of the appropriate amount of the deposit. Based on the Court's Judgment Entry, the base amount of the requested deposit will be $57,058. Further, the Court ordered the payment of prejudgment interest at the prevailing rate (in other words, the prime rate), postjudgment interest at the statutory rate (in other words, as provided in 28 U.S.C. § 1961) and attorney fees and costs (to be computed post-appeal). The Court hereby orders the Plaintiff to coordinate with the Defendants in computing the amount of prejudgment interest, postjudgment interest, attorney fees and costs, which have presently accrued, and to file a stipulation as to the same within 30 days of the instant date. At such time, the Court will file an Amended Judgment, as to the amount the Defendants are to deposit with the Clerk of Courts. Absent such a stipulation, the parties are to advise this Court as to their respective positions on the amount of prejudgment interest, postjudgment interest, attorney fees and costs, within the aforesaid 30 days. Until such time, it is hereby ordered that the Defendants are to deposit the sum of $57,058 with the Clerk of Courts, within 30 days of the date of this Decision.

III.   Conclusion

The Court OVERRULES the parties' Joint Motion to Vacate (Doc. #55).

The Court OVERRULES, in part, and SUSTAINS, in part, the Defendants' Motion for Stay, Bond, Deposit and Time to Liquidate Plan Assets (Doc. #51).

12

Specifically, the Court SUSTAINS the Defendants' request for a stay of the judgment pending appeal of this action and their request that they be permitted to make a deposit with the Clerk of Courts, in lieu of bond, within 30 days of the date of this Decision. Further, the Court OVERRULES the Defendants' request that the amount of the deposit be $25,049.80, plus 5% interest. Instead, the Court orders Defendants to deposit the sum of $57,058, with the Clerk of Courts, within 30 days of the instant date, in lieu of bond. Further, the Court orders the Plaintiff to coordinate with the Defendants in computing the amount of prejudgment interest, postjudgment interest, attorney fees and costs, which have presently accrued, and to file a stipulation as to the same within 30 days of the instant date. At such time, the Court will file an Amended Judgment, as to the amount the Defendants are to deposit with the Clerk of Courts. Absent such a stipulation, the parties are to advise this Court as to their respective positions on the amount of prejudgment interest, postjudgment interest, attorney fees and costs, within the aforesaid 30 days.

September 20, 2010

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of record

13